## MASTERS v. ÆTNA INS. CO.
### No. 12757.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 21, 1933.

Rehearing Denied March 11, 1933.

George M. Hopkins, of Denton, for appellant.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for appellee.

LATTIMORE, Justice.

Appellee issued its fire policy dated October 18, 1926, to one Beck, insuring in the amount of $1,000 for three years from October 1, 1926, and providing that either party might cancel out or reduce the amount of the insurance. Appellant purchased the property from Beck, the insurance policy was transferred to appellant and thereafter the appellee reduced its insurance policy to $600. The policy thus by its terms purported to terminate October 1, 1929. The property insured was about 12 miles from Lewisville where the local agent of appellee lived. On October 9, 1929, the agent wrote to appellant at San Antonio, his home, inclosing application for renewal of "your fire policy" and stating the amount of premium. Appellant was not at home but was in North Texas. Being in Lewisville, he heard that the agent wanted to see him, went to the agent's office, found the agent not in, inquired of some one there what the agent wanted, but received no information thereon. Appellant went to Dallas where the agent's letter of October 9th, forwarded, was delivered to him.

Passing through Lewisville on the night of October 26, 1929, he called the agent, who told him he wanted to see him about renewing his fire policy. Appellant asked what the premium was, and the agent did not have his rate book at home but promised to write appellant on October 28, 1929, at the address appellant gave him, which was some 12 miles from Lewisville, and state the amount of the premium. The agent did not write until the 30th of October, when he sent appellant a copy of his letter of the 9th and inclosed another application for insurance. This application stated that the insurance applied for in such application was in full force for 15 days unless otherwise terminated. The application was never filled out or signed. This letter appellant received on October 31, 1929, and en route to see the agent was informed that his property had been destroyed by fire.

The assured contends that the original contract of insurance was in force by virtue of a three-year premium which paid from October 18, 1926, to October 18, 1929, and extended insurance by virtue of the reduction of the face of the policy, without returning all the premium received for the balance thus canceled.

■ The defendant's evidence shows, however, that the excess premium on reduction of the policy was returned to appellant. Aside from that the retention of that premium by appellee, unaccompanied by any facts showing any meeting of the minds on extended insurance, or any then reliance on same by insured, would not justify the law in writing a contract for the parties. In fact the record shows that after that reduction the appellant treated his policy as expiring on October 1, 1929.

This is not contra to Phœnix Assurance Co. v. Munger, 92 Tex. 297, 49 S. W. 222. That case held the cancellation ineffective without return of the premium. On that authority, if the premium was not returned to appellant, the reduction was ineffective and the insured retained his $1,000 policy in full force. If it be conceded that the policy can be reformed as to be enforceable for three years insurance from October 18, 1926, it yet does not cover the fire on October 30, 1929.

■ The record of the dealings of the parties after October 1, 1929, shows nothing

more than a desire on the part of the agent to write a renewal policy and an uncertainty on appellant's part as to whether he wanted it or not until he knew what the premium was.

We have examined all assignments of error and they are overruled. The judgment is affirmed.